**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Gavin W. Bruce**
Assistant U.S. Attorney
Gavin.Bruce@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*



FILED 17 JUN '21 11:08 USDC-ORE

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 27, 2021

Greg Veralrud
Veralrud & Fowler, Attorneys
975 Oak Street, Suite 798
Eugene, Oregon 97401

    Re:    *United States v. Andrew Lloyd*
           Case No. 6:21-cr-00001-MK   6:21-CR-00198-MC
           Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to waive Indictment and plead guilty to Counts 1 through 3 of the Information, which charges Bank Fraud, in violation of Title 18, United States Code, Section 1344; Money Laundering, in violation of Title 18, United States Code, Section 1957; and Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A.

3. **Penalties**: The maximum sentence for Count 1, Bank Fraud, is 30 years' imprisonment, a fine of $1,000,000, 5 years of supervised release, and a $100 fee assessment. The maximum sentence for Count 2, Money Laundering, is 10 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. The maximum sentence for Count 3, Aggravated Identity Theft, is a fine of $250,000, a one-year term of supervised release, a $100 mandatory fee assessment, and a mandatory two-year term of imprisonment that is required to be served consecutive with any other term of imprisonment imposed upon defendant. Defendant understands that, because a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

    Defendant further stipulates to restitution and forfeiture of assets as set forth below.

Revised May 2018

Greg Veralrud
Re: Andrew Lloyd Plea Agreement Letter
Page 2
May 27, 2021

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Counts 1 through 3 of the Information, the government must prove the following elements beyond a reasonable doubt:

Bank Fraud
- (1) The defendant knowingly executed a scheme to defraud a financial institution as to a material matter;
- (2) The defendant did so with the intent to defraud the financial institution; and
- (3) Third, the financial institution was insured by the Federal Deposit Insurance Corporation.

Money Laundering
- (1) The defendant knowingly engaged or attempted to engage in a monetary transaction;
- (2) The defendant knew the transaction involved criminally derived property;
- (3) The property had a value greater than $10,000;
- (4) The property was, in fact, derived from Bank Fraud in violation of 18 U.S.C. § 1344; and
- (5) The transaction occurred in the United States.

Aggravated Identity Theft
- (1) The defendant knowingly transferred, possessed, and used without legal authority a means of identification of another;
- (2) The defendant knew that the means of identification belonged to a real person; and
- (3) The defendant did so during and in relation to a violation of bank fraud, 18 U.S.C. § 1344.

Defendant admits the elements of the offense alleged in Counts 1 through 3 of the Information. Defendant has committed each of the elements of the crime to which he is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant further admits that the following facts are true and undisputed:

Revised May 2018

Greg Veralrud
Re: Andrew Lloyd Plea Agreement Letter
Page 3
May 27, 2021

In October 2020, federal agents initiated an investigation into Andrew Lloyd based on information that suggested he fraudulently applied for Paycheck Protection Program (PPP) loans and Economic Injury Disaster Loans (EIDL) at multiple financial institutions.

On March 27, 2020, President Trump signed the Coronavirus Aid, Relief, and Economic Security (CARES) Act into law. That statute, along with the Coronavirus Preparedness and Response Supplemental Appropriations Act, authorized the Small Business Administration (SBA) to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance is determined by the number of employees the applicant certifies having. The advances do not have to be repaid.

The CARES Act also created the Paycheck Protection Program, which authorized the SBA to guarantee loans of up to $10,000,000 to qualifying employers without collateral or personal guarantees from the borrowers. In order to obtain a PPP loan, the Act required borrowers to certify, among other things, that the borrowed funds would be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments.

Starting in April 2020, Lloyd began submitting EIDL and PPP loan applications to multiple financial institutions and the SBA. Lloyd used numerous business names to apply for the loans, as well as using the names and personal identifying information of his relatives and business associates without consent to complete the applications. Lloyd applied for loans through entities such as Albany Home Care Services, Keystone Pacific, Intermountain Shipping, Hilltop Construction, Schort-Lee Construction, and Myrtle Creek Construction.

To complete the loan applications, Lloyd submitted false documentation to justify the amount of the loan requested. Many of the loans included an IRS form 944, which listed 2019 wages paid by the entities. The wages allegedly paid varied from $3 million to over $4.7 million. The loan applications also included a list of between 56 and 64 employees and the amount paid to each employee. In one PPP loan application for Keystone Pacific Management, Inc., Lloyd included a list of the same fifty-six employees, in the same order, that were listed in the Albany Home Care Services application, plus eight additional names added at the bottom of the list.

The IRS form 944, the total amount of wages and earnings, the employee names, and the amount of wages paid to each employee, were all created by Lloyd and false.

On the PPP Loan application for Schort Lee Construction, Lloyd used a coconspirator's personal identifying information and business information to apply for the loan. Lloyd used the same false IRS Form 944 described above. The financial institution processed the PPP loan

Greg Veralrud
Re: Andrew Lloyd Plea Agreement Letter
Page 4
May 27, 2021

application, resulting in the disbursal of a PPP loan in the amount of $601,552 on May 8, 2021. Three days after receiving the PPP loan proceeds, and as part of the bank fraud scheme, Lloyd's coconspirator transferred via wire $307,000 from his account to Lloyd's bank account.

In total, Lloyd submitted nine PPP loan applications, six of which were accepted, resulting in Lloyd receiving $3,489,352.34. Lloyd also applied for numerous EIDLs, of which SBA accepted one, resulting in payments to Lloyd of $160,000.

Upon receipt of the funds, Lloyd took one of two actions: he purchased real estate or invested in securities.

Lloyd transferred over $1.8 million of the above-described PPP loan funds to his E*TRADE Securities brokerage account and purchased securities. The securities Lloyd purchased substantially increased in value. In November 2020, he transferred the funds and securities to a Charles Schwab account.

In January 2021, agents seized the account, which included 15,740 shares of Tesla, Inc. purchased with proceeds of the fraud. Agents seized another account containing over $660,000 in securities and cash in March 2021. In total, as of the date of this plea, the securities and cash seized, all of which are proceeds of the fraud, total over $11,000,000.

In addition to securities, Lloyd purchased numerous residential rental properties with the proceeds of the fraud. In total, and as outlined in Paragraph 16 below, Lloyd purchased 25 properties in Oregon and California. All properties listed in Paragraph 16 were purchased, and in many cases improvements made on those properties, with proceeds of the fraud.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

///

///

///

///

Revised May 2018

Greg Veralrud
Re: Andrew Lloyd Plea Agreement Letter
Page 5
May 27, 2021

7.  **Relevant Conduct**: The parties agree that defendant's base offense level for Counts One and Two is determined by application of USSG § 2S1.1(a)(1), which results in a base offense level 29. This calculation incorporates the offense level for Count 1, Bank Fraud, which the parties agree is as follows:

| Enhancement | Offense Level |
|---|---|
| Base— USSG § 2B1.1(a)(1) | 7 |
| Loss— USSG § 2B1.1(b)(1)(J) more than $3.5 million and less than $9.5 million | +18 |
| Sophisticated Means— USSG § 2B1.1(b)(10)(C) | +2 |
| Over $1 Million from Financial Institutions USSG § 2B1.1(b)(17) | +2 |

With the addition of the one-level increase under USSG § 2S1.1(b)(2)(A), the parties agree the Total Adjusted Offense Level is 30.

Defendant understands that Count 3, Aggravated Identity Theft, subjects defendant to a mandatory two-year term of imprisonment that is required to be served consecutive with any other term of imprisonment imposed upon defendant.

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.  **Sentencing Recommendation**: The USAO and defense will jointly recommend a 61-month prison sentence, inclusive of the two-year mandatory minimum on Count 3, as long as defendant demonstrates an acceptance of responsibility as explained above.

Greg Veralrud
Re: Andrew Lloyd Plea Agreement Letter
Page 6
May 27, 2021

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. The government will also agree to recommend a three-level downward variance under 18 U.S.C. § 3553 based on defendant's history and characteristics. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified above and in this agreement.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

Revised May 2018

Greg Veralrud
Re: Andrew Lloyd Plea Agreement Letter
Page 7
May 27, 2021

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

### Transfer of Assets
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### Restitution
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Information dealing with such losses will be dismissed as part of this plea agreement. Defendant agrees to restitution in an amount no less than $3,649,352.34

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has

Revised May 2018

Greg Veralrud
Re: Andrew Lloyd Plea Agreement Letter
Page 8
May 27, 2021

knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

### Restoration Request

As part of the plea agreement, the USAO will submit a restoration request to the Department of Justice Asset Forfeiture and Money Laundering Section ("MLARS"). Pursuant to that request, the USAO will seek MLARS's pre-approval to apply the anticipated forfeited assets described in paragraph 16 below, with the exception of any funds or properties returned to third party claimants and expenses incurred by the government, to the anticipated restitution order described in paragraph 15 below. Defendant agrees that the funds necessary to satisfy that portion of the restitution will be transferred directly to the Clerk's Office as described below. The plea is not contingent on MLARS's approval of such request.

16.     **Forfeiture Terms:**

    A.    **Assets and Authority:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 982, including the following, which defendant admits constitute the proceeds defendant obtained, directly or indirectly, as a result of defendant's criminal activity in violation of 18 U.S.C. § 1344 or were involved in defendant's money laundering activity in violation of 18 U.S.C. § 1957 as set forth in Counts One and Two of the Information:

**Properties**
- 61245 Protsman Street, Bly, Oregon, 97622
- 18528 Henwas Loop, Bly, Oregon, 97622
- 440 3rd Court, Coos Bay, Oregon, 97420
- 2130 Southwest Blvd, Coos Bay, Oregon, 97420

Revised May 2018

Greg Veralrud
Re: Andrew Lloyd Plea Agreement Letter
Page 9
May 27, 2021

- 362 N. Elliott Street, Coquille, Oregon, 97423
- 421 E. First Street, Dorris, California, 96023
- 340 Martin Street, Klamath Falls, Oregon, 97601
- 349 Martin Street, Klamath Falls, Oregon, 97601
- 2047 Etna Street, Klamath Falls, Oregon, 97603
- 9728 Ben Kerns Road, Klamath Falls, Oregon, 97601
- 226 Adams Street, Myrtle Creek, Oregon, 97457
- 997 Cornutt Street, Myrtle Creek, Oregon, 97457
- 195 SE Mill Street, Myrtle Creek, Oregon, 97457
- 205 SE Mill Street, Myrtle Creek, Oregon, 97457
- 644 8th Street, Myrtle Point, Oregon, 97458
- 117 SE Hoover Avenue, Roseburg, Oregon, 97470
- 1751 SE Main Street, Roseburg, Oregon, 97470
- 173 E. Everett Avenue, Sutherlin, Oregon, 97479
- 191 W. Second Ave, Sutherlin, Oregon, 97479
- 177 NW 6th Street, Toledo, Oregon, 97391
- 513 SE East Slope Road, Toledo, Oregon, 97391
- 876 NE Highway 20, Toledo, Oregon, 97391
- 150 SE Mill Street, Myrtle Creek, Oregon, 97457
- 1771 SE Main Street, Roseburg, Oregon, 97470
- 1303 SE Strong Avenue, Roseburg, Oregon, 97470

**Securities**
- All funds and securities contained in Charles Schwab account number ending in 4724 in the name of Andrew Lloyd and Nancy Ellen Lloyd, previously seized in Case No. 6:21-MC-00007, except for 290 shares of Tesla, Inc. stock; and
- All funds and securities contained in Fidelity Brokerage Services, LLC account number ending 7802 in the name of Andrew Lloyd, previously seized in Case No. 6:21-MC-00265.

   As to the above-listed properties, defendant admits and acknowledges that defendant is the sole owner of the properties. Defendant admits he used EIDL and PPP loan funds to purchase the properties, and in some cases, used nominees, which included individuals, entities, and trusts, to complete the purchase. Defendant admits that in several cases, defendant purchased a property under his own name, or a nominee's name, and later transferred that property to another name or nominee. Defendant admits he maintained ultimate control of the properties and instructed the nominees to purchase and/or transfer these properties on his behalf.

   B.  **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or

Greg Veralrud
Re: Andrew Lloyd Plea Agreement Letter
Page 10
May 27, 2021

judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

      C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

      D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

      E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

      F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

      G.    **Disclosure of Assets**: Defendant agrees to completely and truthfully disclose to law enforcement officials, at a date and time to be set by the USAO, the whereabouts of defendant's ownership interest in, and all other information known to defendant about, all monies, property, or assets of any kind in the possession of defendant or nominees, derived from or acquired as a result of, or involved in, or used to facilitate the commission of defendant's illegal activities, and to complete and deliver to the USAO no later than June 20, 2021 a financial disclosure form listing all of defendant's assets. Defendant understands and acknowledges that the USAO is relying upon defendant's representations in entering into this plea agreement. If those representations are false or inaccurate in any way, the USAO may pursue any and all forfeiture remedies available, may seek to have the plea agreement voided, and may seek to have defendant's sentence enhanced for obstruction of justice pursuant to USSG § 3C1.1.

Revised May 2018

Greg Veralrud
Re: Andrew Lloyd Plea Agreement Letter
Page 11
May 27, 2021

17. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18. **Deadline**: This plea offer expires if not accepted by June 4, 2021 at 3:00p.m.

Sincerely,

SCOTT ERIK ASPHAUG
Acting United States Attorney


*/s/ Gavin W. Bruce*
GAVIN W. BRUCE
Assistant United States Attorney


I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

5/28/21
Date

Andrew Lloyd, Defendant


I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

June 1, 2021
Date

Greg Veralrud, Attorney for Defendant


Revised May 2018

EXHIBIT A - Page 11 of 11