AO 245C     Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
Sheet 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| Plaintiff, | Case No.: 6:21-CR-00198-MC-1 |
| v. | USM Number: 24809-509 |
| **ANDREW LLOYD** | Gregory E. Veralrud, Defendant's Attorney |
| Defendant. | |
| **Date of Original Judgment: January 7, 2022** *(or date of last amended judgment)* | Gavin W. Bruce, Assistant U.S. Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to counts 1, 2 and 3 of the Information.

The defendant is adjudicated guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 18:1344 Bank Fraud; Forfeiture Allegation | From in or about 4/2020 through in or about 12/2020 | 1 |
| 18:1957 Money Laundering; Forfeiture Allegation | 5/11/2020 | 2 |
| 18:1028A Aggravated Identity Theft | 4/5/2020 | 3 |

The defendant is sentenced as provided in pages 2 through 11 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)  and is discharged as to such count(s).

☐ Count(s)  are dismissed on the motion of the United States.

☒ The defendant shall pay a special assessment in the amount of $100.00 for Counts 1, 2 and 3 for a total of $300.00 payable to the Clerk of the U.S. District Court. (See also the Criminal Monetary Penalties Sheet.)

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

January 06, 2022
Date of Imposition of Sentence

*/s/ Michael J. McShane*
Signature of Judicial Officer

Michael J. McShane, U.S. District Judge
Name and Title of Judicial Officer

January 12, 2022
Date

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
                Sheet 2 - Imprisonment

DEFENDANT: ANDREW LLOYD                                                                                               Judgment-Page **2** of **11**
CASE NUMBER: 6:21-CR-00198-MC-1

## IMPRISONMENT

**As to Counts 1 and 2**, the defendant is committed to the Bureau of Prisons for confinement for a period of **twenty-four (24) months** on each count, with the sentences on both counts to be served concurrently to each other.

**As to Count 3**, the defendant is committed to the Bureau of Prisons for confinement for a period of **twenty-four (24) months**, to be served consecutively to the sentences imposed in Counts 1 and 2.

☒ The court makes the following recommendations to the Bureau of Prisons:

    1.    That the defendant be afforded drug treatment at this facility pursuant to 18 U.S.C. § 3621.

    2.    That the defendant be incarcerated in a Minimum Security Facility.

    3.    That Defendant shall be given credit for time served.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the custody of the United States Marshal for this district:

    ☐ at _____ on _____.

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before 2:00 P.M. on March 7, 2022.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 USC §3585(b) and the policies of the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                                    _____
                                                                                     UNITED STATES MARSHAL

                                                                   By:   _____
                                                                                     DEPUTY UNITED STATES MARSHAL

AO 245B      Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
               Sheet 3 - Supervised Release

DEFENDANT: ANDREW LLOYD                                       Judgment-Page **3** of **11**
CASE NUMBER: 6:21-CR-00198-MC-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5) years**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B     Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
            Sheet 3A - Supervised Release

DEFENDANT: ANDREW LLOYD     Judgment-Page **4** of 11
CASE NUMBER: 6:21-CR-00198-MC-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
           Sheet 3D - Supervised Release

DEFENDANT: ANDREW LLOYD                                                                          Judgment-Page **5** of **11**
CASE NUMBER: 6:21-CR-00198-MC-1

## SPECIAL CONDITIONS OF SUPERVISION

1. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. You must not obtain or possess any driver's license, social security number, birth certificate, passport, or any other form of identification in any other name other than your true legal name, without the prior written approval of the probation officer.

3. You must participate in a substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt to obstruct or tamper with the testing methods.

4. You must submit to substance abuse testing to determine if you have used a prohibited substance. Such testing may include up to twelve (12) urinalysis tests per month. You must not attempt to obstruct or tamper with the testing methods.

5. You must not use or possess alcohol.

6. You must not knowingly enter any establishment where alcohol is the primary item for sale without first obtaining the permission of the probation officer.

7. You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

8. You must take all mental health medications that are prescribed by your treating physician.

9. If the judgment imposes a financial penalty, including any fine or restitution, you must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment. You must also notify the court of any changes in economic circumstances that might affect your ability to pay this financial penalty.

10. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

11. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

12. You must not make application for any loan, or enter into any residential or business lease agreement, without the prior approval of the probation officer.

13. You must maintain a single checking account and/or savings account in your own name. You must deposit into this account all income, monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses. You must disclose all other accounts to the probation officer.

14. Upon release from custody you must initially reside with an appropriate family member, as approved by the probation officer. If an appropriate family member's residence is unavailable, you shall reside at a residence approved by the probation officer.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth in this judgment.

|  | **Assessment** (as noted on Sheet 1) | **Restitution** | **Fine** | **AVAA Assessment**[1] | **JVTA Assessment**[2] | **TOTAL** |
|---|---|---|---|---|---|---|
| **TOTALS** | $300.00 | $3,760,320.28 | $0.00 | $0.00 | $0.00 | $3,760,620.28 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Amount of Loss**[3] | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| Bank of Hawaii<br>ATTN: Norman Domingo, Vice President<br>(Norman.Domingo@boh.com)<br>111 S. King Street<br>Honolulu, HI 96813<br>**Home Development Partners**<br>**Loan number 4781887207** | $ | $818,805.00 | |
| Cross River Bank<br>ATTN: Eli Hassan, Vice President, Director of SBA and Business Lending<br>(ehassan@crossriver.com)<br>885 Teaneck Rd<br>Teaneck, NJ 07666<br>**Albany Home Care Services**<br>**Loan number 8953547706** | $ | $729,674.00 | |
| \*\*\* Umpqua Bank \*\*\*<br>Bank Protection & Investigation<br>OR0176-130, P.O. Box 1820<br>Roseburg, OR  97470<br>**Keystone Pacific**<br>**Loan number 7861177101** | $ | $979,100.00 | |

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

[3] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | | |
|---|---|---|
| Celtic Bank Corporation<br>Attn: JoAnne Robinson,<br>SVP Commercial Credit Ops/<br>Closing Manager<br>(Robinson@celticbank.com)<br>268 S State St, Ste 300<br>Salt Lake City, UT 84111 – 5314<br>**Hilltop Construction**<br>**Loan number 5914627906** | $ | $654,773.31 |
| US Bank<br>Corporate Security Payments<br>P.O. Box 650<br>Milwaukee, WI 53278-0650<br>**Schort-Lee Construction –**<br>**Loan number 8382427700** | $ | $307,000.00 |
| Small Business Administration/DFC<br>721 19th St<br>3rd Floor, Room 301<br>Denver, CO 80202<br>**Albany Home Care Services**<br>**Loan number 5843767904**<br>**SBA Lender Fees on above loans** | $ | $270,967.97 |
| **TOTALS** | $ 0.00 | $3,760,320.28 |

☐ If applicable, restitution amount ordered pursuant to plea agreement: $_____.

☐ The defendant must pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that

☒ The interest is waived for the ☐ fine and/or ☒ restitution.

☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

Any payment shall be divided proportionately among the payees named unless otherwise specified.

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
           Sheet 6 - Schedule of Payments

DEFENDANT: ANDREW LLOYD  Judgment-Page **8** of 11
CASE NUMBER: 6:21-CR-00198-MC-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment[4] of the total criminal monetary penalties shall be as follows:

- **A.** ☐ Lump sum payment of $_____ due immediately, balance due
    - ☐ not later than _____, or
    - ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or
- **B.** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or
- **C.** ☐ If there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments of not less than $_____, or not less than 10% of the defendant's monthly gross earnings, whichever is greater, until paid in full to commence immediately upon release from imprisonment.
- **D.** ☐ Any balance at the imposition of this sentence shall be paid in monthly installments of not less than $_____, or not less than 10% of the defendant's monthly gross earnings, whichever is greater, until paid in full to commence immediately.
- **E.** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties, including restitution, shall be due during the period of imprisonment as follows: (1) 50% of wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a prison industries program. . If the defendant received substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed, pursuant to 18 USC § 3664(n).

Nothing ordered herein shall affect the government's ability to collect up to the total amount of criminal monetary penalties imposed, pursuant to any existing collection authority.

All criminal monetary penalties, including restitution, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court at the address below, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

> **Clerk of Court**
> **U.S. District Court - Oregon**
> **405 E. 8th Ave., Ste. 2100**
> **Eugene, OR  97401**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ **Joint and Several**

| Case Number Defendant and Co-Defendant Names (including Defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court costs:

---

[4] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B      Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
             Sheet 6 - Schedule of Payments

DEFENDANT:  ANDREW LLOYD                                                    Judgment-Page **9** of **11**
CASE NUMBER:  6:21-CR-00198-MC-1

☒The defendant shall forfeit the defendant's interest in the following property to the United States:  **The Preliminary Order of Forfeiture is final as to the defendant and incorporated into the sentence herein.**

All securities and funds held in Fidelity Account xx7802
Securities and funds held in Charles Schwab Account xx4724, further described as:
• 140 shares of Square Inc (SQ);
• 15,450 shares of Tesla Inc (TSLA);
• 500 Shares of 2U Inc (TWOU);
• 900 shares of Aberdeen Standard Silver ETF (SIVR);
• 510 shares of Ark Innovation ETF (ARKK);
• All uninvested funds held in the account; and

22 Real Properties, further described below:
**1. 61245 Protsman Street, Bly, Oregon, 97622**
Legal description: Lot 6 in Block 13 of First Addition to Bly according to the official plat thereof on file in the office of the County Clerk of Klamath County, Oregon.

**2. 18528 Henwas Loop, Bly, Oregon, 97622**
Legal description: Lot 8, Block 6, First Addition to Bley-Was Heights, according to the official plat thereof on file in the office of the County Clerk, Klamath County, Oregon.

**3. 440 3rd Court, Coos Bay, Oregon, 97420**
Legal description: Lot 25, 26 and 27, Block 45, Town of East Marshfield, Coos County, Oregon.

**4. 2130 Southwest Blvd, Coos Bay, Oregon, 97420**
Legal description: That part of Lots 2,3 and 4, Block 27, First Addition to Marshfield, Coos County, As Described as Follows: Beginning at the Northeast Corner of Lot 2, Block 27, First Addition to the City of Marshfield, Coos County, Oregon, Thence South Along the East Line of Said Lot 2 a Distance of 120 Feet to the Southeast Corner of Said Lot 2; Thence West Along the South Line of Lots 2,3 and 4 of Block 27, A Distance of 128 Feet, More or Less, to the East Line of the County Road; Thence North 43 Degrees 41' East a Distance of 165.6 Feet, More or Less, to the North Line of Block 27; Thence East a Distance of 13.6 Feet, More or Less, to the Place of Beginning.  Lots 22,23 and 24, Block 27, First Addition to Marshfield, Coos County, Oregon, Filed September 1, 1911 in Book 4, Page 18, Plat Records of Coos County, Oregon.

**5. 362 N. Elliott Street, Coquille, Oregon, 97423**
Legal description: Lot 3 and North 9 Feet of Lot 4, Block 49, Coquille City, Elliott's Addition, Coos County, Oregon. Together With That Portion of Vacated Elliott Street, Which Was Vacated by Ordinance No. 135, Recorded August 14, 1922 IN Book 69, Page 464, Records of Coos County, Oregon, Which Would Inure Thereto by Reason of the Vacation Thereof.

**6. 421 E. First Street, Dorris, California, 96023**
Legal description: The following described property in the City of Dorris, County of Siskiyou, State of California:
PARCEL: I
All that portion of the Southwest quarter of Section 30, Township 48 North, Range 1 East, M.D.M., more particularly described as: Beginning at the Southeast corner of the said Southwest quarter of Section 30; thence West along the Section line common to Sections 30 and 31 of said township and Range, a distance of 165.00 feet; thence North 2640.00 feet parallel to the North-South center line of the said Section 30 to the point of
intersection with the North boundary of the said Southwest quarter; thence East along said boundary, a distance of 165.00 feet to the point on intersection with the North-South center line of the said Section 30; thence South 2640.00 feet along said North-South center line to the point of beginning.
Excepting Therefrom all that portion lying within U.S. Highway 97. Also Excepting Therefrom all that portion lying within the Southern Pacific Transportation Company Railroad right of way.
PARCEL: II
All that portion of the Southeast quarter of the Southwest quarter of Section 30, Township 48 North, Range 1 East, M.D.M., more particularly described as: Beginning at a point on the Southerly Section line of the said Section 30 which bears West along said Section line, a distance of 165.00 feet from the Southeast corner of the said Southwest quarter of Section 30; thence West, along said Section line a distance of 140.00 feet; thence North, parallel to the North-South center line of the said Section 30, a distance of 622.30 feet; thence East parallel to the South line of said Section, a distance of 140.00 feet; thence South, parallel to the North-South center line of said Section 30, a distance of 622.30 feet to the point of beginning.
Excepting Therefrom all that portion lying within U.S. Highway 97.

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
Sheet 6 - Schedule of Payments

DEFENDANT: ANDREW LLOYD  
CASE NUMBER: 6:21-CR-00198-MC-1  
Judgment-Page **10** of **11**

PARCEL: III  
All that portion of the Southeast quarter of the Southwest quarter of Section 30, Township 48 North, Range 1 East, M.D.M., more particularly described as: Beginning at a point on the Southerly Section line of the said Section 30 which bears West along said Section line, a distance of 305.00 feet from the Southeast corner of the said Southwest quarter of Section 30; thence West along said Section line, a distance of 25.00 feet; thence North parallel to the North-South center line of said Section 30, to the point of intersection with the South Easterly boundary of the Southern Pacific Transportation Company railroad right of way; thence Northeasterly along said boundary to a point which bears North from the point of beginning; thence South parallel to the North-South center line of said Section 30 to the point of beginning.  
Excepting Therefrom all that portion lying within U.S. Highway 97.  
PARCEL: IV  
All that portion of the East half of the Southwest quarter of Section 30, Township 48 North, Range 1 East, M.D.M., described as: Beginning at the quarter corner common to Sections 30 and 31, Township 48 North, Range 1 East, M.D.M., thence West 10 rods; thence North 622.3 feet to the true point of beginning; thence West 140.0 feet, thence North 2017.7 feet to the North line of the Southwest quarter of said section 30; thence east 140.0 feet to a point 10 rods West to the Northeast corner of the Southwest Quarter of said Section 30; thence South 2017.7 feet to the true point of beginning.  
Saving and excepting therefrom all that portion of the above-described property lying within the right of way of the Central Pacific Railroad.

**7. 340 Martin Street, Klamath Falls, Oregon, 97601**  
Legal description: Lot 49, Block 18, Industrial Addition to the City of Klamath Falls, according to the official plat thereof on file in the office of the County Clerk of Klamath County, Oregon.

**8. 349 Martin Street, Klamath Falls, Oregon, 97601**  
Legal description: All that portion of Lots 5 and 6, Block 21, Industrial Addition to the City of Klamath Falls, Oregon, in the County of Klamath, State of Oregon, more particularly described as follows: Beginning at the most Southerly corner of Lot 5 in said Block 21; thence Northwesterly along the Northeasterly line of Martin Street, a distance of 50 feet to the most Westerly corner of Lot 6 in said Block 21; thence Northeasterly along the line between Lots 6 and 7 in said Block a distance of 50 feet; thence Southeasterly parallel with Martin Street, a distance of 50 feet; thence Southwesterly along the line between Lots 5 and 6 in said Block a distance of 50 feet to the point of beginning.

**9. 2047 Etna Street, Klamath Falls, Oregon, 97603**  
Legal description: Lot 4 in Block 4 of Pleasant View Tracts, according to the official plat thereof on file in the office of the County Clerk of Klamath County, Oregon.

**10. 9728 Ben Kerns Road, Klamath Falls, Oregon, 97601**  
Legal description: Lot 14 in Block 18, Second Addition to Klamath River Acres, according to the official plat thereof on file in the office of the County Clerk of Klamath County, Oregon.

**11. 226 Adams Street, Myrtle Creek, Oregon, 97457**  
Legal Description: The East 90 feet of Lot 11, Wecks Tract, Douglas County, Oregon.

**12. 997 Cornutt Street, Myrtle Creek, Oregon, 97457**  
Legal Description: Lot 8, Second Addition to Briggs Acres, Douglas County, Oregon.

**13. 195 SE Mill Street, Myrtle Creek, Oregon, 97457**  
Legal Description: Lot 13, Block 2, P.R. Weaver Second Subdivision to the Town of Myrtle Creek, County of Douglas, State of Oregon.

**14. 205 SE Mill Street, Myrtle Creek, Oregon, 97457**  
Legal Description: Lot 12, Block 2, P.R. Weaver 2nd Subdivision to the City of Myrtle Creek, Douglas County, Oregon.

**15. 644 8th Street, Myrtle Point, Oregon, 97458**  
Legal Description: Lot 2, Block 2, Smith's Addition to Myrtle Point, in the City of Myrtle Point, Coos County, Oregon. Except the North 4 1/3 feet heretofore conveyed by deed recorded in Book 187, Page 429, Deed Records of Coos County, Oregon.

**16. 173 E. Everett Avenue, Sutherlin, Oregon, 97479**  
Legal Description: Lots 23, 24, 25, and 26 in Block 30, Amended Plat of the Townsite of Sutherlin, Douglas County, Oregon.

### 17. 191 W. Second Ave, Sutherlin, Oregon, 97479
Legal Description: Lots 30, 31 and 32, Block 16, of the Amended Plat of the Townsite of Sutherlin, Douglas County, Oregon. Excepting therefrom, the Easterly 19 feet of Lot 30, Block 16, Amended Plat of the Townsite of Sutherlin, Douglas County, Oregon.

### 18. 177 NW 6th Street, Toledo, Oregon, 97391
Legal Description: Lots 5 and 6 and the East half of Lot 7 in Block 24 of Graham's Fourth Addition to Toledo, now known as Graham's 5th Addition to Toledo, in the City of Toledo, County of Lincoln and State of Oregon; Also the North 20 feet of the East 40 feet of Lot 13 and the North 20 feet of Lot 14, Block 24, Graham's Fourth Addition to Toledo, now known as Graham's 5th Addition to Toledo, in the City of Toledo, County of Lincoln and State of Oregon.

### 19. 513 SE East Slope Road, Toledo, Oregon, 97391
Legal Description: The Part 2 of Partition Plat No. 1993-40, in the City of Toledo, Lincoln County, Oregon, filed for record August 31, 1995 in the Lincoln County Plat Records.

### 20. 876 NE Highway 20, Toledo, Oregon, 97391
Legal Description: Beginning at a point on the West line of the Jordan tract described in deed recorded in Book 147, page 341, Deed Records and on the North line of the Goakey tract described in deed recorded in Book 149, page 335, Deed Records, said point being North 00 degree 05' East 965 feet and North 88 degrees West 210 feet from the quarter section corner on the South line of Section 8, Township 11 South, Range 10 West, Willamette Meridian, in Lincoln County, Oregon; thence North 00 degrees 05' East along the West line of said Jordan tract and the West line of the Schaffer tract described in deed recorded in Book 119, page 360, Deed Records, 150 feet to the South line of the Schaffer tract described in deed recorded in Book 110, page 447, Deed Records; thence North 88 degrees West along the South line of said Schaffer tract (Book 110, page 447, Deed Records) and the South line of the Renner tract described in deed recorded in Book 154, page 379, Deed Records and the South line of the Moore tract described in deed recorded in Book 160, page 271, Deed Records, a distance of 300 feet; thence South 7 degrees 58' West 151.5 feet to the North line of the Hazel Fay tract described in deed recorded in Book 89, page 238, Deed Records; thence South 88 degrees East along the North line of said Fay tract and the North line of the Johansen tract described in deed recorded in Book 14, page 356, Deed Records, and the North line of aforementioned Goakey 321 feet more or less, to the point of beginning, in the City of Toledo, County of Lincoln, State of Oregon, excepting any portion lying within US. Highway 20.

### 21. 150 SE Mill Street, Myrtle Creek, Oregon, 97457
Legal Description: Lots 3 and 4, Block 3, P.R. Weaver 2nd Subdivision to the City of Myrtle Creek, Douglas County, Oregon.

### 22. 1303 SE Strong Avenue, Roseburg, Oregon, 97470
Legal Description: Lots 6 and 7, Block 20, Miller's Addition to the City of Roseburg, Douglas County, Oregon.